SCHUSTER, Respondent, v. GERMANTOWN MUTUAL INSURANCE COMPANY, Appellant.

*No. 22. Argued October 3, 1968.—Decided October 29, 1968.*
(Also reported in 162 N. W. 2d 129.)

448

For the appellant there was a brief by *Lawrence M. Engelhard* and *Engelhard, Snodgrass & Goerdt,* all of La Crosse, and oral argument by *Lawrence M. Engelhard.*

For the respondent there was a brief by *William P. Skemp* and *Hale, Skemp, Hanson, Schnurrer & Skemp,* all of La Crosse, and oral argument by *William P. Skemp.*

HALLOWS, C. J.   The insurance policy described Tunnel City as the location of the property and the insuring clause insured against "all direct loss by fire . . . to the property described herein while located or contained as described in this policy, . . . but not elsewhere." Recently this court reviewed the rules applicable to the reformation of insurance policies.  To ground such an action there must be proof of a prior oral agreement, which through mistake, fraud or negligence the written policy does not express. *Shearer v. Dunn County Farmers Mut. Ins. Co.* (1968), 39 Wis. 2d 240, 159 N. W. 2d 89; *Artmar, Inc. v. United Fire & Casualty Co.* (1967), 34 Wis. 2d 181, 148 N. W. 2d 641, 151 N. W. 2d 289; *Ahnapee & W. Ry. v. Challoner* (1967), 34 Wis. 2d 134, 148 N. W. 2d 646; 13 Appleman, *Insurance Law and Practice,* p. 371, sec. 7610. We think that when there is an oral agreement to modify an existing insurance contract in the manner therein provided that the remedy of reformation is appropriate

to conform the written policy to the intention of the parties expressed in the oral agreement to modify.

Schuster claims: (1) That there was an oral agreement to insure the property at Tunnel City which insurance would follow the property to Tomah automatically, and (2) that there was an oral agreement about the time the property was moved to modify the insurance contract by attaching a written endorsement changing the location to Tomah. The defendant contends there was no oral agreement at the time the policy was written to cover the two locations successively and there was no oral agreement to change or modify the policy after its issuance to cover the property at Tomah. It is further claimed by the defendant that its agent was not a recording agent but only a solicitor and therefore was incapable of binding the company by an oral agreement.

In *Rosenthal v. Insurance Co. of North America* (1914), 158 Wis. 550, 149 N. W. 155, this court construed the location clause of the standard fire policy to be a coverage clause which could not be enlarged by waiver on the part of the insurance company or its agent. This rule was followed in *Summers v. Oakfield Town Mut. Fire Ins. Co.* (1944), 245 Wis. 40, 13 N. W. 2d 518, and more recently in *Artmar, Inc. v. United Fire & Casualty Co., supra.* In *Ahnapee & W. Ry. v. Challoner, supra,* this court outlined the distinctions between coverage clauses and forfeiture clauses and reaffirmed its holding that neither waiver nor estoppel could be used to enlarge the coverage of the policy. While waiver and estoppel are applicable to forfeiture clauses, this court has consistently held, even though apparently in the minority, that the location clause is not a forfeiture provision but one going to coverage. *See* Annot. (1949), *Waiver of, or estoppel to assert, provision of policy respecting location of personal property covered thereby,* 4 A. L. R. 2d 868; *also* 1 A. L. R. 3d 1139; *Shearer v. Dunn County Farmers Mut. Ins. Co., supra.*

The defendant's affidavits in support of its motion for summary judgment state that neither it nor its agent received a written notice of removal, a written request for permission to remove the property, or any written request for an endorsement, and no one within the company or any of its agents had knowledge of the removal of the property. The affidavit of the agent who was also a banker was to the effect that he could not write policies but only took applications, that he wrote the plaintiff's application for the fire insurance policy as the plaintiff had asked, that the policy was in conformity with the application, that the plaintiff accepted the policy and never objected to it, that he learned of the removal of the property for the first time on the morning of the fire and that Schuster never gave him any notice, written or oral, of the removal of the property from Tunnel City to Tomah. Thus the thrust of the defendant's contention is: (1) There was no mistake in the original policy, (2) no written modification that the Tunnel City location exists, and (3) the agent did not have authority to make an oral agreement.

In opposition the plaintiff's affidavit in support of his complaint attempts to set out a course of conduct between the agent and the plaintiff in which the agent usually assured Schuster the property was covered at various locations in spite of the location named in the policy. It states a new policy was issued changing the location of the property from Camp McCoy to Tunnel City. It is also stated Schuster advised the agent he was erecting a warehouse for the purpose of storing his property temporarily located at Tunnel City and as soon as the warehouse was completed the personal property was to be transferred to the new location at Tomah. It is claimed the plaintiff relied on the course of conduct with the agent and this seems to be the extent of the basis for a contract of insurance which from the beginning would cover both the Tunnel City location and the Tomah location.

In support of the theory of the existence of an oral agreement at the time of removal, the affidavits state that Schuster informed the agent 10 days prior to the transfer of the property to Tomah that he was going to transfer it and was told by the agent not to worry as his fire insurance would be effective immediately in his new location. This conversation is denied by the defendant's affidavits.

The facts evidenced in the affidavits and alleged in the complaint relating to a course of conduct and the various assurances of coverage by the agent are not as pertinent to the question of reformation as they are to waiver or estoppel to establish the agent's authority. However, we think that questions of fact do exist on the issue of reformation, the only theory Schuster stated he was relying on in oral argument. There exist factual questions of what the oral agreements were and of what the scope of the agent's authority was and whether the limitation of the agency claimed by the defendant was enlarged by a previous course of conduct with plaintiff. *Stillman v. North River Ins. Co.* (1927), 192 Wis. 204, 212 N. W. 67.

While these affidavits leave a great deal to be desired, nevertheless in opposition to a motion for summary judgment a complete defense does not need to be presented. If the party opposing the motion for summary judgment submits sufficient facts which show there is a real controversy and takes the matter challenged by the motion out of the category of being a sham and unmeritorious suit or defense, that party is normally entitled to a trial on the merits. This is what is meant in sec. 270.635, Stats., by "which the court shall deem sufficient to entitle him to a trial." We agree with the trial court that this case is of such a nature that it ought to be tried and not summarily disposed of. Schuster's request for double costs is denied.

*By the Court.*—Order affirmed.