LEDGES CONSTRUCTION COMPANY, Respondent, v. VILLAGE OF BUTLER, Appellant.

*No. 187. Argued March 5, 1969.—Decided April 1, 1969.*
(Also reported in 166 N. W. 2d 202.)

---

[11] 22 Am. Jur. 2d, *Damages*, p. 326, sec. 238, and cases cited therein at footnotes 19, 20 and 1.

228

For the appellant there were briefs by *Quarles, Herriott, Clemons, Teschner & Noelke,* attorneys, and *Laurence C. Hammond, Jr.,* and *William A. Stearns* of counsel, all of Milwaukee, and oral argument by *Mr. Stearns.*

For the respondent there was a brief by *Hippenmeyer, Reilly, Fritz & Arenz* of Waukesha, and oral argument by *Norman C. Fritz.*

HANLEY, J. The following issues are presented on this appeal:

(1) How many causes of action are stated in the complaint; and

(2) Is this a proper case for summary judgment?

The village contends on this appeal that its documentary evidence positively establishes that the plaintiff was not a party to contract "C." Since the plaintiff's claim was based on the contract, the action should be dismissed.

Plaintiff contends that the deposition clearly raises the factual question whether or not the plaintiff and defendant had a contract. Moreover, plaintiff contends that its pleading states a cause of action for unjust enrichment.

*Causes of Action.*

Plaintiff contends that the complaint states a cause of action for damages based on contract and a separate cause of action for unjust enrichment.

Sec. 263.04, Stats., provides:

"**Uniting causes of action.** The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable

or both. But the causes of action so united must affect all the parties to the action and not require different places of trial, and *must be stated separately."* (Emphasis supplied.)

The complaint here does not designate separate causes of action. This is not a fatal defect.

". . . We are not bound by the form of a pleading, but may consider the substance of the allegations thereof for the purpose of determining whether more than one cause of action is alleged therein." *Usow v. Usow* (1933), 213 Wis. 395, 401, 251 N. W. 458. *See also, Caygill v. Ipsen* (1965), 27 Wis. 2d 578, 135 N. W. 2d 284.

The allegations of the complaint sufficiently plead a contract violation and a further claim (or an alternative claim) for damages based on unjust enrichment.

### *Applicability of Summary Judgment.*

"The rule is well established in this state that when it is shown there is a substantial issue of fact, or when the evidence on a material issue is in conflict, or if the inferences to be drawn from credible evidence are doubtful and uncertain, the motion for summary judgment should be denied. . . . We have often said that the power of the courts under the summary-judgment statute . . . is drastic and should be exercised only when it is plain there is no substantial issue of fact or of permissible inference from undisputed facts to be tried." *Voysey v. Labisky* (1960), 10 Wis. 2d 274, 277, 278, 103 N. W. 2d 9.

The more recent decisions of this court indicate a growing reluctance to overrule a trial court's denial of summary judgment.

". . . If the party opposing the motion for summary judgment submits sufficient facts which show there is a real controversy and takes the matter challenged by the motion out of the category of being a sham and unmeritorious suit or defense, that party is normally entitled to a trial on the merits." *Schuster v. Germantown Mut. Ins. Co.* (1968), 40 Wis. 2d 447, 452, 162 N. W. 2d 129.

". . . A trial court need not decide a question of law on a motion for summary judgment under sec. 270.635, Stats., even though no conflict of material facts exist. There is no absolute right to summary judgment. . . .

"We think sec. 270.635, Stats., providing for summary judgment, does not confer a right to summary judgment but rather confers on the trial court a discretionary power to grant summary judgment when it believes summary disposition of a case is called for." *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 630, 631, 162 N. W. 2d 626.

Defendant contends that no material fact is in dispute. This contention is based on the premise that sec. 62.15,[1] Stats., prohibits the plaintiff from becoming a party to contract "C." It cannot be denied that contract "C" was originally let to Volpano & Sawyer.

Sec. 62.15, Stats., provides how public works contracts shall be let when the estimated cost of the construction exceeds $1,000. In applicable sections the statute requires the contractors to submit bids, and the village to let the contract to the lowest responsible bidder. The plaintiff never submitted a bid on contract "C."

It is the defendant's position that contract "C" was let to Volpano & Sawyer, the lowest responsible bidder. If any other person later became a party to contract "C," sec. 62.15, Stats., was violated, and the contract void.

It is apparently the plaintiff's position that the project engineer felt that Volpano & Sawyer was not a "responsible" bidder because it was too small to complete the job within the time limit. Thus the contract was assigned at the bidder price to plaintiff. There is no affidavit from the officers of plaintiff specifically alleging an

[1] Ch. 62, Stats., applies generally to cities; whereas ch. 61, applies to villages. However, under sec. 61.56, a village can choose to let its public works contracts pursuant to sec. 62.15. In this case the village of Butler has exercised its prerogative to be bound by sec. 62.15. *See* sec. 3.13, Municipal Ordinances of the Village of Butler.

assignment, but we believe the deposition of John Mielke and plaintiff's brief fairly suggest this summary of its position.

During the deposition, Mr. Mielke read into the record a portion of a letter he received from plaintiff's counsel about October 20, 1967. That letter states:

". . . This is to confirm our phone conversation of October 12 regarding Project No. W–3364 for water main installation.

"You advised you confirmed with Mrs. McKinney, the City Clerk, as to a Village Board meeting which took place in April or May of 1965 regarding the use and services of Ledges Construction Company Inc., as contractor on this job. This letter is intended to confirm that Ledges was approved by your firm as engineers on the job, but that no particular authorization was issued, and further, that the Board will generally act on a motion if a contractor is disapproved."

The fatal flaw in plaintiff's argument is that the meeting during April or May of 1965, which allegedly culminated in the assignment of contract "C" *preceded* the actual awarding of the contract to Volpano & Sawyer. That contract was not *awarded* until June 7, 1965, and the contract itself was not entered into until July 26, 1965. If the plaintiff's allegation of assignment is taken as true, the only thing that could have been assigned was the bid. If the bid was assigned, plaintiff has not explained why the contract was awarded to Volpano & Sawyer.

If the complaint merely alleged the cause of action based on the written contract, we would not hesitate to reverse the order of the trial court. However, we think there are some factual questions which need to be resolved under the second cause of action.

Sec. 62.15, Stats., only requires public works contracts which have an estimated cost in excess of $1,000 to be let by bid. Plaintiff alleges in its complaint a cause of action for "materials, services and other performance"

outside of contract "C" which have benefited and enriched the defendant.

Plaintiff may be able to show that it provided certain services, materials or equipment to the defendant outside of contract "C" which may not be affected by the provisions of sec. 62.15, Stats. Where a municipality has authority to enter into a given contract, but procedural requirements are not followed, the municipality may be liable under the theory of unjust enrichment. *See Ellerbe & Co. v. Hudson* (1957), 1 Wis. 2d 148, 83 N. W. 2d 700, 85 N. W. 2d 663; *Standard Oil Co. v. Clintonville* (1942), 240 Wis. 411, 3 N. W. 2d 701; *Shulse v. Mayville* (1937), 223 Wis. 624, 271 N. W. 643. This is not to suggest that the statutory requirement that a public construction contract be let to the lowest responsible bidder is a procedural requirement. It is established that a failure to do so renders the contract void. However, the "extra" services, materials or equipment provided by plaintiff may be capable of being reduced to a contract or contracts with estimated values below $1,000 each.

*By the Court.*—Order affirmed.