MCCONNELL, Respondent, v. L. C. L. Transit Company and others, Appellants.

*No. 201. Argued March 31, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 226.)

430

For the appellants L. C. L. Transit Company and Helen E. Pomprowitz there was a brief by *Cornelisen, Denissen, Kranzush, Kuehn & Condon,* attorneys, and *David J. Condon* of counsel, all of Green Bay, and oral argument by *David J. Condon.*

For the appellant Kellogg-Citizens National Bank there were briefs by *Wilmer & Surplice* of Green Bay, and oral argument by *Alex Wilmer.*

For the respondent there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Fred F. Kaftan.*

HANLEY, J.   On this appeal L. C. L. and Mrs. Pomprowitz contend:

(1) That the employment contract is plain, complete and unambiguous on its face, and that it must be construed without reference to parol evidence;

(2) That the liquidated damages provision of the employment contract sets the sole amount of damages recoverable upon the company's termination of the contract; and

(3) That there is no factual issue in the case which must be decided before judgment can be entered.

The third defendant, the bank, has raised further issues on this appeal. Before any discussion of those questions, it is necessary to explain why the bank was named as a party to this case.

At all times pertinent, the bank and Mrs. Pomprowitz were cotrustees of several trusts created under the will of Joseph Pomprowitz. In addition, the bank and Mrs. Pomprowitz were cotrustees of a voting trust agreement. These trust arrangements involved 100 percent of the voting stock of L. C. L. Plaintiff has alleged that Mrs. Pomprowitz and the bank's representative promised him that they would always vote the stock so that plaintiff

would continue to be employed as long as L. C. L. made a profit.

In response to plaintiff's allegations, the bank raises the arguments proposed by the other defendants. In addition, the bank contends:

(1) That none of its officers or employees had authority to make any promise to plaintiff; and

(2) That in performing its function as trustee, the bank could not become personally liable because of L. C. L.'s breach of an employment contract.

*Summary Judgment Generally.*

In *Hardscrabble Ski Area, Inc. v. First National Bank of Rice Lake,* ante, p. 334, 166 N. W. 2d 191, the court cited numerous recent cases which have extended the use of summary judgment beyond its original purpose. Also noted therein was the court's concern with the number of appeals from orders overruling motions for summary judgment. Again, setting forth the discretionary language of sec. 270.635, Stats., the court stated that the summary judgment statute:

". . . vests discretion in the trial court as to whether the case should be tried. It follows that an order denying a motion for summary judgment will not be reversed until it appears that the trial court has abused its legal discretion or has not exercised it."

Clearly, the trial court has not abused its discretion when denying a motion for summary judgment unless it either incorrectly decides a legal issue or it declines to decide a legal issue which is capable of resolution in a factual vacuum. A litigant is not entitled to summary judgment merely because the parties to a lawsuit have stipulated to the facts. This court pointed out in *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 630, 162 N. W. 2d 626, that:

". . . A trial court need not decide a question of law on a motion for summary judgment . . . ."

In the *Zimmer Case, supra,* this court approved the trial court's failure to decide a clear legal question because this court, at page 631, was:

". . . not convinced the affidavits set forth all the relevant facts which should be considered."

Taking all of these considerations into mind, it is quite apparent that a trial court denying summary judgment will generally be sustained.

### *Applicability of Summary Judgment to this Case.*

L. C. L. generally rested its motion for summary judgment upon the written employment contract, the provisions therein for termination, and the clause referring to liquidated damages. To grant this motion, it would have been necessary for the trial court to hold, as a matter of law, that the language of the written employment contract precluded a consideration of any other evidence in this case. Thus, L. C. L. relies on the general rules that:

"Where preliminary negotiations are consummated by a written agreement, or an oral contract is evidenced by a subsequent agreed memorandum in writing, the writing supersedes all previous understandings, and the intent of the parties must be ascertained therefrom. . . ." 17A C. J. S., *Contracts,* p. 215, sec. 322.

"An oral agreement collateral to a written contract will not be construed or held to be valid and enforceable in so far as it conflicts with, changes, or devitalizes the written contract . . . ." 17A C. J. S., *Contracts,* p. 217, sec. 323.

The trial court pointed out that under plaintiff's theory of reformation, plaintiff's theory of promissory estoppel, or even under some other theories, it would be possible

to receive evidence of the alleged oral promise involved here. Such an observation is certainly in conformity with Wisconsin law.

". . . Parol evidence is admissible to establish mutual mistake in a reformation action. Thus it is not a valid objection to interpose to the offer of such evidence that it tends to vary the terms of the written instrument sought to be reformed." *Newmister v. Carmichael* (1966), 29 Wis. 2d 573, 577, 139 N. W. 2d 572.

Nor does the fact that a promise is only oral prevent its proof under a theory of promissory estoppel. *See Hoffman v. Red Owl Stores, Inc.* (1965), 26 Wis. 2d 683, 133 N. W. 2d 267. It is not necessary for this court to decide whether the making of a written contract after a person relies on an oral promise prevents said person from raising a promissory estoppel argument. In this case the plaintiff has alleged that the promise of "continual employment during profits" was repeatedly made as late as November, 1966. Plaintiff further alleged that the later and continual making of the promise induced him to forego terminating his employment contract in order to accept other employment.

L. C. L. also contends that even if plaintiff successfully proves the oral agreement which was allegedly made, nevertheless, the liquidated damages clause of the written employment contract fixes the maximum amount which the plaintiff can recover in the event of L. C. L.'s breach.

This court has stated:

". . . Where . . . the parties intended to agree upon liquidated damages, it is the duty of the court to enforce it though it may appear somewhat harsh. Parties have a right to make harsh provisions in their contracts if they see fit. . . ." *Grant Marble Co. v. Marshall & Ilsley Bank* (1918), 166 Wis. 547, 555, 165 N. W. 14. *See also Keehn v. Saxe* (1935), 219 Wis. 84, 261 N. W. 25.

Wisconsin has always recognized, however, the distinction between liquidated damages and a penalty.

"Courts will ascertain for themselves the real intent of the parties to the contract, and are not bound by the assertions of the parties themselves as to that intent, and the stipulated damages must appear to be grossly in excess of the actual damages, or have no relation thereto, before the court can say within established principles that the damages stipulated are a penalty. . . ." *Sheffield-King Milling Co. v. Jacobs* (1920), 170 Wis. 389, 398, 175 N. W. 796.

"In determining whether a stipulated sum payable on breach of a contract is to be considered as liquidated damages or a penalty the reasonableness of the amount provided for, including the relation which the sum stipulated bears to the extent of the injury, and whether it violates the fundamental rule of compensation, must be considered. The court will compare the amount stipulated with the probable damages from a breach to determine whether the stipulated sum was arrived at as the result of a good faith endeavor to estimate damages or was fixed for some other purpose. . . ." 25 C. J. S., *Damages*, p. 1051, sec. 108.

"Where it appears that the amount fixed was evidently not intended to be a full compensation for a breach of contract, or would be grossly inadequate as such, it will, as a rule, be considered as a penalty." 25 C. J. S., *Damages*, p. 1056, sec. 108.

Whether or not a contractual provision calls for a penalty or liquidated damages is a question of law for the court. However, in resolving that question, the intention of the parties at the time of the making of the contract is an important factor. In this case the plaintiff has alleged that he never understood the provision in the employment contract calling for liquidated damages. Moreover, he never worried about it because he had been promised that L. C. L. would not terminate the contract as long as the company was making a profit.

The trial court did not abuse his discretion when he refused to decide the damage question in the absence of all the facts. Clearly, L. C. L.'s motion for summary judgment should have been denied.

Mrs. Pomprowitz and the bank also moved for summary judgment. Both of these parties alleged that plaintiff's sole remedy for the termination of his employment contract was the remedy specified in the contract. It is clear that the contract cannot protect the bank or Mrs. Pomprowitz in any event because they were not parties to it. The complaint alleged that the bank, through its authorized representative, and Mrs. Pomprowitz both promised, for their own benefit, to vote all the stock for L. C. L. so that plaintiff would be retained as president-general manager as long as L. C. L. made an annual profit. The answers and the affidavits have raised clear issues of fact as to whether Mrs. Pomprowitz, by negotiating with plaintiff, was acting for her own benefit, for L. C. L., or as a trustee; whether the bank had authorized any of its agents to participate in employment negotiations with plaintiff; and when the promises were made, if they were made at all.

We are of the opinion that there is no clear issue of law which is capable of being decided without a factual determination. We agree with the trial court that the case ought to be tried and not disposed of in a summary manner.

*By the Court.*—Order affirmed.