CRANSTON and another, Plaintiffs and Respondents, v. BLUHM, Defendant: PRUDENTIAL THEATRES COMPANY OF WISCONSIN, INC., Defendant and Appellant.

*No. 199. Argued March 5, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 236.)

426

For the appellant there was a brief by *Peickert, Anderson, Fisher, Shannon & O'Brien,* attorneys, and *Maurice G. Rice, Jr.,* of counsel, all of Stevens Point, and oral argument by *John E. Shannon.*

For the respondents there was a brief by *Cranston, Brown & Williamson* of Green Bay, and oral argument by *David D. Brown.*

HALLOWS, C. J.   The facts are set forth in our previous opinion and it is only necessary for the issue raised on this appeal to state the plaintiffs owned the Lyric Theatre in Stevens Point which they leased to Bluhm for a term of four years beginning September 1, 1961. The lease provided it was to be used for a theater and for no other purpose and was not to be assigned or the premises sublet. Within two months after the commencement of the term of the lease Bluhm entered into an agreement with Orpheum Theatre, Inc. (Orpheum), which gave Orpheum the right to operate the Lyric Theatre.  It was alleged Prudential owned the Fox Theatre, the only other theater in Stevens Point, and controlled the operations of Orpheum.

In May, 1962, Orpheum closed the Lyric Theatre and assigned its interest under the operation agreement to Prudential.  The plaintiffs terminated the Bluhm lease effective September 3, 1963, and took physical possession of the theater; but the defendants reentered and re-gained possession of the theater.  Sometime later the plaintiffs, Bluhm, and Prudential entered into agreements whereby among other things, Bluhm assigned his lease to Prudential, effective retroactively to September 1, 1963; the plaintiffs consented to the assignment with some modifications in the rental and other terms, and Prudential agreed to give up the theater in the event it was sold for nontheater purposes.

It is now claimed by Prudential that by these agreements the plaintiffs waived their rights to recover damages based on the wrongful assignment of the lease and the wrongful reentry of the Lyric Theatre by the defendants, and if there was not a waiver there existed an estoppel on the part of the plaintiffs by their participa-

tion in the agreements. The trial court was of the opinion the case was not a proper one for summary judgment and denied the motions.

It is argued by Prudential that the facts clearly give rise to an estoppel or waiver and it is entitled to a dismissal of the complaint as a matter of law. We think the trial court properly construed our decision in *Schandelmeier v. Brown* (1968), 37 Wis. 2d 656, 155 N. W. 2d 659, wherein we reviewed the rules governing summary judgment. While pointing out that if the material facts were not in dispute or if the inferences which may reasonably be drawn from the facts were not doubtful and led only to one conclusion the question of law presented should be decided, we cautioned that the purpose of the remedy of summary judgment was basically to prevent sham pleadings and delay, was a drastic remedy, and was not to constitute a trial on affidavits.

Commencing with *Schuster v. Germantown Mut. Ins. Co.* (1968), 40 Wis. 2d 447, 162 N. W. 2d 129, and *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 162 N. W. 2d 626, this court pointed out that summary judgment under sec. 270.635, Stats., was not a matter of right and a court might deny summary judgment if it thought the opposite party was entitled to a trial. This statute vested a legal discretionary power in the trial court to grant summary judgment when it believed summary disposition of the case was warranted. *Seventeen Seventy-Six Peachtree Corp. v. Miller* (1969), 41 Wis. 2d 410, 164 N. W. 2d 278. If the trial court has doubt whether all material facts are presented or some are in dispute, or believes opposite reasonable inferences may be drawn, or that the affidavits are not sufficient, either quantitatively or qualitatively, to raise the legal question, then, the trial court should not consider the legal question. If both parties are in earnest and desire a legal question decided, they may submit it on an agreed statement of facts under sec. 269.01, Stats.

In the case before us the trial court decided it was "not a proper case for summary judgment." We cannot say it was either in error or abused its legal discretion. The affidavits do not present a strong case. This court ought not to reach the merits when the trial court has not done so except in an unusual case. We point out, too, a defendant moving for summary judgment runs a risk greater than that of the plaintiff in moving for summary judgment because under sec. 270.635 (3), Stats., if it appears upon the defendant's motion that the plaintiff is entitled to summary judgment, he may be granted it even though he has not moved therefor. But, in this case we do not reach the merits and agree with the trial court that a trial of the facts should be had.

*By the Court.*—Order affirmed.