CADDEN, Plaintiff and Respondent, v. MILWAUKEE COUNTY, Defendant: PAYNE & DOLAN OF WISCONSIN, INC., Defendant and Appellant.

*No. 108.   Argued September 30, 1969.—Decided October 28, 1969.*
(Also reported in 171 N. W. 2d 360.)

For the appellant there were briefs and oral argument by *Ben G. Slater* of Milwaukee.

For the respondent there was a brief by *Ray T. McCann*, attorney, and *Leonard L. Loeb* of counsel, both of Milwaukee, and oral argument by *Mr. McCann.*

BEILFUSS, J. Is the defendant-appellant, Payne & Dolan, entitled to summary judgment dismissing the complaint as to it?

The plaintiff bases his claim against the defendant upon the ground that the "soup dish" depression in the walkway was a violation of the safe-place statute.[1] He contends that the walkway area in question was a place of employment because of the fact that vendors operated upon the grounds for gain or profit and that the plaintiff was a frequenter and a protected person within the meaning of the statute. The plaintiff also contends that the walkway at the site of the "soup dish" depression was a part of the hoofed animal building and a public building within the meaning of the statute and that the defendant, Payne & Dolan, as a contractor is within the statutory definition of "owner."[2]

The final contention of plaintiff is that the "soup dish" created a nuisance and that it was imminently dangerous because of Payne & Dolan's failure to perform the work in a good workmanlike manner.

[1] Secs. 101.01–101.29, Stats.
[2] *See* sec. 101.01 (13), Stats.

Whether the bituminous paving was done in a good workmanlike manner is an ultimate fact and is sharply disputed.

Payne & Dolan contends that where, as here, the work was done under contract pursuant to plans and specifications furnished by the owner, and the work is inspected and accepted by the owner, there is no liability on the part of the contractor to third persons.

The rule and its exceptions are stated in 65 C. J. S., *Negligence,* pp. 1060–1063, sec. 95, as follows:

"It is a well-established general rule that, where the work of an independent contractor is completed and is turned over to, and accepted by, the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, the responsibility, if any, for maintaining or using the property in its defective condition shifting to the owner.

"This rule applies even though the contractor was negligent in carrying out the contract, and at least if the defect is not hidden, but readily observable on reasonable inspection. A fortiori, the contractor is not liable where he performed the work in strict accordance with the terms of the contract, or performed the work according to the plans and specifications furnished by the owner, or where the injury is not due to the condition in which he left the work, or where the owner knows of the defect or danger.

". . . However, the general rule has variously been criticized, limited, or rejected, and there are well recognized exceptions thereto. One of them is that the contractor is liable where the work is a nuisance, or inherently, intrinsically, or abnormally dangerous. Another exception is that he is liable where the work done and turned over by him is so negligently defective as to be imminently or immediately dangerous to third persons, particularly where there is a continuous duty of inspection on the contractor after completion of the work, provided, in the case of a dangerous situation, the contractor knows, or should know, of the situation created by him, and the owner or contractee does not know of

the dangerous condition or defect and would not discover it by reasonable inspection."

The trial court's opinion did not refer to the safe-place aspects of the case but did feel there was a dispute of material fact as to whether the work was done in a good workmanlike manner and, as such, sufficient to deny the motion for summary judgment.

In several recent cases this court has stated that the denial of a motion for summary judgment by a trial court is discretionary and will not be reversed upon appeal unless it can be shown that the trial court abused its discretion.

In *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 630, 631, 162 N. W. 2d 626, we stated:

"A trial court need not decide a question of law on a motion for summary judgment under sec. 270.635, Stats., even though no conflict of material facts exists. There is no absolute right to summary judgment. We recently pointed this out in *Schuster v. Germantown Mut. Ins. Co.*, ante, p. 447, 162 N. W. 2d 129.

"We think sec. 270.635, Stats., providing for summary judgment does not confer a right to summary judgment but rather confers on the trial court a discretionary power to grant summary judgment when it believes summary disposition of a case is called for. The language of this section provides that 'Summary judgment may be entered' as provided in the section and that 'The judgment may be entered in favor of either party.' In sub. (3) it is provided that a summary judgment 'may be awarded' to the plaintiff although he has not moved therefor if upon motion by a defendant it shall appear to the court that the plaintiff is entitled to such judgment. There is no requirement, however, that the court must do so. In sub. (4) it is provided that if the only issue of fact is the amount of damages, 'an immediate hearing to determine such amount shall be ordered' and upon the determination, judgment shall be entered. It is apparent the

words 'may' and 'shall' in this section have been used with care to express the intent of the legislature." [3]

While the plaintiff may encounter difficulty in proving facts sufficient to permit a recovery under either the safe-place or common-law theories, we are of the opinion that the trial court did not abuse its discretion in its determination that there was a dispute or uncertainty of material facts and that the motion for summary judgment should be denied.

Also it should be pointed out, and we repeat as we have before, that the court, either trial or appellate, need not render advisory opinions dependent upon disputed or uncertain facts and that a motion for summary judgment is not a substitute for demurrer. [4]

*By the Court.*—Order affirmed.

---

[3] *Also see Schuster v. Germantown Mut. Ins. Co.* (1968), 40 Wis. 2d 447, 162 N. W. 2d 129; *Hardscrabble Ski Area v. First Nat. Bank* (1969), 42 Wis. 2d 334, 166 N. W. 2d 191; *McConnell v. L. C. L. Transit Co.* (1969), 42 Wis. 2d 429, 167 N. W. 2d 226.

[4] *Spoehr v. Mittelstadt* (1967), 34 Wis. 2d 653, 150 N. W. 2d 502.