DUVENECK, Guardian *ad litem,* and another, Plaintiffs and Respondents, v. WESTERN CASUALTY & SURETY COMPANY and others, Defendants and Respondents: MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Defendant and Appellant.

*No. 134. Submitted November 2, 1972.—Decided November 28, 1972.*
(Also reported in 202 N. W. 2d 1.)

For the appellant the cause was submitted on the brief of *Lontkowski & Lontkowski* of Green Bay.

For the plaintiffs-respondents the cause was submitted on the brief of *Robert P. Stebbins* of Green Bay.

For the defendants-respondents The Western Casualty & Surety Company and Robert A. Saharsky the cause was submitted on the brief of *Richard J. Gould* of Green Bay, and for the defendant-respondent Rural Casualty Insurance Company on the brief of *Denissen, Kranzush, Stodola & Mahoney* of Green Bay.

BEILFUSS, J. The appellant, Mutual Service, has not contested the right of the court to reconsider its first decision on the motion for summary judgment nor the procedure used. The issue, therefore, can be stated as follows:

Did the trial court abuse its discretion in denying the motion for summary judgment?

The appellant, Mutual Service, contends that because Darel Tielens did not have permission to use the Van Den Plas vehicle there is no liability coverage either under the policy issued to Darel or the one issued to Darel's mother.

The respondents contend that because Mutual Service, named by Darel as the public liability carrier in the accident report filed with the division did not deny coverage and did not file the affidavit of nonpermission, it is estopped from using the defense of no permission by the owner to drive. The respondents base their contention on sec. 344.15 (4) and (5), Stats.

The trial court concluded that because Mutual Service did not notify the division of its denial of coverage on the ground of no permission to operate, and failed to file the affidavit of the owners of the vehicle as required by sec. 344.15 (4), Stats., Mutual Service was estopped from using failure to give permission to the operator as a defense pursuant to sec. 344.15 (5).

Mutual Service attempts to avoid the statutory estoppel by asserting the coverage extended in both the Tielens' policies was more than required by the legislature for a "motor vehicle liability policy," [1] and as such was excess or additional coverage, and that as to such excess coverage it is not subject to the financial responsibility chapter by virtue of sec. 344.33 (7), Stats.

In the policy issued to Darel Tielens as the named insured, he is also designated as an insured when operating a nonowned automobile. Under these terms and the circumstances here, we believe the policy is an operator's policy as defined in sec. 344.33 (3), Stats.,[2] and, as such, is not excess or additional insurance and is subject to the provisions of ch. 344.

It follows then that Mutual Service is estopped from denying coverage at least on the policy issued to Darel Tielens. Such being the case, the trial court was required, under the law, to deny the motion for summary judgment.

Other issues and arguments have been raised by the appellant but because the motion for summary judgment

---

[1] *See* sec. 344.33 (1), (2) (c), (3), Stats.

[2] "OPERATOR'S POLICY. An operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him, within the same territorial limits and subject to the same limits of liability as are set forth in sub. (2) with respect to an owner's policy of liability insurance."

was properly denied a discussion of these arguments would be only advisory, which this court has consistently refused to do.[3]

*By the Court.*—Order affirmed.

---

[3] *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 162 N. W. 2d 626; *Cadden v. Milwaukee County* (1969), 44 Wis. 2d 341, 171 N. W. 2d 360.