RAMSDEN and others, Respondents, v. HAWKINSON GAS SERVICE COMPANY, INC., and another, Defendants: MASTER TANK & WELDING COMPANY, INC., Appellant. [Case No. 304.]

HAMILTON and wife, Respondents, v. RAMSDEN and others, Defendants: MASTER TANK & WELDING COMPANY, INC., Appellant. [Case No. 305.]

*Nos. 304, 305. Argued April 3, 1974.—Decided May 7, 1974.*
(Also reported in 217 N. W. 2d 322.)

456

For the appellant there were briefs by *Genrich, Terwilliger, Wakeen, Piehler & Conway, S. C.,* of Wausau, and oral argument by *Herbert Terwilliger.*

For the respondents Ramsden General Contractors, Inc., and Fire Insurance Exchange there was a brief by *Jenswold, Studt, Hanson, Clark & Kaufmann* and *Robert R. Studt,* all of Madison, and oral argument for respondents Milton Ramsden and Fire Insurance Exchange by *James C. Herrick* and *John F. Jenswold,* both of Madison.

For defendants-respondents Hawkinson Gas Service Company, Inc., and Travelers Insurance Company there was a brief by *Morgan L. Midthun* and *Crowns, Merklein, Midthun & Hill,* all of Wisconsin Rapids, and oral argument by *Morgan L. Midthun.*

CONNOR T. HANSEN, J. Summary judgment should not be granted unless the material facts are not in dispute, no competing inferences can arise, and the law that resolves the issue is clear and overrides any other issues either factual or legal which may appear. *Fox v. Wand* (1971), 50 Wis. 2d 241, 184 N. W. 2d 81.

When the trial court, in the exercise of its judicial discretion, is of the opinion that there are or may be material disputed facts, or that conflicting permissible inferences can arise from undisputed facts and thus denies a motion for summary judgment, generally, this court will not interfere with the trial court's exercise of its discretion. Also, when it reasonably appears doubtful to the trial court as to what law should apply, especially when complicated facts exist, an order denying a motion for summary judgment will not be reversed. *Edlebeck v. Barnes,* ante, p. 240, 216 N. W. 2d 551; *Durand West, Inc. v. Milwaukee Western Bank* (1973), 61 Wis. 2d 454, 213 N. W. 2d 20; *Matthew v. American Family Mut. Ins. Co.* (1972), 54 Wis. 2d 336, 195 N. W. 2d 611; *Schnabl v. Ford Motor Co.* (1972), 54 Wis. 2d 345, 195 N. W. 2d 602, 198 N. W. 2d 161.

"Sec. 270.635, Stats., providing for summary judgment, does not confer a right to summary judgment but rather confers on the trial court a discretionary power to grant or deny it. . . ." *Estate of Becker* (1972), 56 Wis. 2d 356, 365, 202 N. W. 2d 681.

We, therefore, look to the record in the instant case to determine whether the trial court abused its judicial

discretion or did not exercise it when denying the motion of Master Tank for summary judgment.

The plaintiffs allege that Master Tank was causally negligent in the following respects:

"1. In failing to warn buyers of the tank of the air pressure in such tanks at the time of shipment and delivery to the customer, such pressure being between 80 and 100 pounds.

"2. In failing to advise the buyers of such tanks of the need of proper purging and of the explosive and dangerous tendencies of any contents of such tank after propane had been introduced without proper purging."

Air pressure has been put into these tanks during the manufacturing process and inspectors have determined that a minimum of 50 pounds of pressure is present before the tanks have been shipped to the various buyers. The purging of the tanks involves a process of removal of the air pressure before the liquid propane gas is put into the tanks. The tanks are purged by releasing the air pressure, pouring in some methanol, and filling the tanks with vapor pressure for several minutes. After the vapor pressure is permitted to run off, the procedure is repeated several times in order to purge as much air as possible from the tanks. The purging of the tanks is done by the buyer, in the instant case Hawkinson, and is alleged to have been done by Stanley Stafford, an employee of Hawkinson.

In support of its motion for summary judgment, the defendant, Master Tank, submitted affidavits of O. B. Cecil, general manager, and Clifford Rinn, a company inspector, for Master Tank; the affidavit of Phillip S. Myers, Professor of Mechanical Engineering at the University of Wisconsin-Madison; and the affidavit of Master Tank's attorney, Herbert Terwilliger. Attached to the Terwilliger affidavit as exhibits are portions of the depositions of Roger Hawkinson and Stanley Stafford.

The plaintiffs, in opposing the motion for summary judgment, submitted the affidavits of Charles O. Craighead, a licensed professional engineer, who appears to be an expert in his field, and of John F. Jenswold, one of the attorneys for the plaintiffs. Attorney Jenswold also incorporated in his affidavit portions of the depositions of Roger Hawkinson and Stanley Stafford.

The trial court first examined the moving papers and determined that Master Tank had made a prima facie case in support of its motion for summary judgment. The trial court then examined the affidavits of the plaintiffs, as opposing parties, and other proof, and determined that there were disputes and differences of opinion as to some of the facts concerning material issues of fact which should be submitted to a jury. *Fox v. Wand, supra.* We approve of the procedure followed by the trial court and agree with its ultimate disposition of the motions for summary judgment made by Master Tank.

It appears undisputed that Hawkinson was an experienced dealer in tanks of this type and knew they had to be purged. Stafford, Hawkinson's employee, had been responsible for purging many of them. It further appears undisputed that Master Tank put the compressed air in the tank and that the tank had to be purged of such air before it was suitable for its ultimate use.

The affidavit of Charles O. Craighead sets forth the opinion that the only reasonable explanation for the failure to detect a gas odor at the time of the attempt to light the furnace was because the tank had not been purged of compressed air. Hawkinson and his employee, Stafford, affirm that it had been properly purged.

It was Craighead's further opinion that the use of the tank without its first being purged of the compressed air presented a dangerous instrumentality. He concluded upon his investigation of the facts and attendance at the

taking of various depositions and adverse examinations that the propane gas which had been pumped into the tank was properly odorized and should have been detected by those in the vicinity when it was escaping. However, if the tank was not properly purged of the compressed air, the propane-air mixture escaping from the tank would be of such a diluted character as to be undetectable to those in the area. He found no warning on the tank that it contained compressed air when shipped, or that its use without first being purged presented a dangerous instrumentality.

Stafford, Hawkinson's employee, said some other brands of tanks came equipped with pressure gauges, but these tanks did not. He did not believe that such a gauge would assist him in properly purging the tanks. He could tell they had been properly purged by certain sounds and other physical facts, and he was sure he properly purged the 20 tanks in this shipment. The portions of depositions taken from Hawkinson and his employee, Stafford, indicate only that they were aware of the proper procedure to be followed to insure that the tanks would be adequately purged. This does not indicate that they were aware of the great danger, if any, which would be created by failing to properly purge the tanks before filling them with propane gas.

The affidavit of Phillip S. Myers, a professional engineer, submitted in behalf of Master Tank, does not state that he was aware of the second allegation of negligence regarding the failure to warn of the danger involved if the tanks were not properly purged.

We also observe that in several respects the opinions of Myers and Craighead are divergent on facts which may be material to the resolution of the issues presented in these actions.

The affidavits and pleadings in support of and in opposition to the motions, reflect there are substantial issues of facts. There has been no satisfactory showing

that the trial court abused its discretion in concluding the cases should be tried. Also, under the facts as presented in these cases, it cannot be said that only a question of law exists.

Plaintiff, Ramsden, served a notice of motion to serve an amended complaint upon defendant, Master Tank. This notice of motion was dated the same date the summary judgment motion was originally scheduled to be heard. The proposed amended complaint included an allegation that Master Tank was negligent for failing to equip these tanks with a gauge or other indicator to show the presence of air pressure in the tanks. The trial court specifically did not rule on the motion to amend the complaint. Therefore, since the trial court has not made a determination on this issue, we do not consider it to be before us on this appeal.

*By the Court.*—Orders affirmed.