AMERICAN ORTHODONTICS CORP., Respondent, v. G & H INSURANCE AGENCY, INC., Appellant: ST. PAUL FIRE & MARINE INSURANCE Co., Appellant.

*No. 75–475. Submitted on briefs March 30, 1977.—Decided May 3, 1977.*
(Also reported in 253 N. W. 2d 82.)

For the appellants the cause was submitted on the brief of *Peter S. Nelson* and *Fulton, Menn & Nehs Ltd.* of Appleton.

For the respondent the cause was submitted on the brief of *John R. Holden* of Sheboygan.

PER CURIAM. American Orthodontics Corp. commenced an action against G & H Insurance Agency, Inc. (hereinafter referred to as G & H or defendant) to recover damages allegedly caused by G & H's negligence in procuring for American Orthodontics a contract of worker's compensation insurance which did not cover certain out-of-state salesmen employed by the plaintiff.

Also named as a defendant is St. Paul Fire & Marine Insurance Co., G & H's errors and omissions insurer.

The complaint alleged that American Orthodontics applied to G & H for a policy of worker's compensation insurance, specifically requesting that the policy provide for coverage of salesmen located outside the State of Wisconsin and that G & H represented to American Orthodontics that such coverage would be included. The complaint further alleged that G & H thereafter secured a policy for American Orthodontics, but as a result of the negligence of G & H, this policy, unknown to American Orthodontics, did not contain a provision or endorsement for coverage of its out-of-state salesmen. American Orthodontics alleged it was damaged to the extent of obligations it incurred in a New Jersey worker's compensation proceeding to an injured employee who had previously been found in a Wisconsin worker's compensation proceeding not to have been subject to Wisconsin's Act. The policy procured by G & H for American Orthodontics only insured against liability incurred under Wisconsin's Act.

The defendants answered denying negligence on the part of G & H, alleging negligence by American Orthodontics, and raising several other matters not relevant to this appeal. Thereafter, the defendants moved for summary judgment upon the affidavit of Peter S. Nelson, one of their attorneys, which, insofar as relevant here, alleged as follows:

"That the [Wisconsin worker's compensation hearing] Examiner's finding and order in that matter that the applicant [injured employee of American Orthodontics] was not covered under the terms of the Wisconsin Workmen's Compensation Act was erroneous as a matter of law. That said finding and order would have been reversed had an appeal thereof been taken under the doctrine of the *Simonton Case* [*Simonton v. Dept. of Labor, Industry & Human Relations,* 62 Wis.2d 112, 214 N.W.2d

302 (1974)]. That with a determination that the Wisconsin Act applied, complete coverage would have been available to the plaintiff."

A transcript of the Department of Industry, Labor & Human Relations hearing on the employee's application for compensation under the Wisconsin Worker's Compensation Act was incorporated into the affidavit by reference, as was a copy of the worker's compensation policy issued to American Orthodontics. No counter-affidavits were filed by American Orthodontics. By decision of June 10, 1975 the trial court denied defendants' motion, concluding that the inferences to be drawn from the facts before it were doubtful, and that it therefore ought not to say as a matter of law that the employee had been subject to the Wisconsin Worker's Compensation Act and therefore covered by the policy G & H had procured at the time the injury occurred. An order accordingly was entered denying the defendants' motion for summary judgment, from which order defendants have taken this appeal.

In *Simonton v. Department of Labor, Industry & Human Relations*, 62 Wis.2d 112, 214 N.W.2d 302 (1974), this court held that a non-resident employee who had rendered substantial services in this state for a Wisconsin employer over a period of three years acquired a status under Wisconsin's compensation act which persisted in respect to activities within or without this state which were incident to or grew out of his employment, notwithstanding the fact that during the year preceding the accident for which compensation was sought 90 percent of the employee's work was outside of this state. In the instant case the employee was a long-time resident of New Jersey who had been hired by American Orthodontics in September of 1968 as a salesman in a territory comprising eight states on the eastern seaboard of the United States. He was injured in the course of his em-

ployment in August of 1971 at Taunton, Massachusetts. His activities in Wisconsin consisted of a one-week training period in Sheboygan prior to the commencement of his work as a salesman and three or four sales seminars thereafter of approximately two days' duration, also held in Sheboygan.

On numerous occasions this court has pointed out that summary judgment under sec. 270.635, Stats. 1973,[1] is not a matter of right. Summary judgment is a drastic remedy. The statute rests discretionary power in the trial court. Summary judgment should not be granted if the trial court has doubt whether all material facts are presented; where facts are in dispute; where reasonable inferences can be drawn from undisputed facts that could lead to opposite or alternative results.[2] Even

[1] Sec. 270.635, Stats. 1975:

"270.635 Summary judgments. (1) Summary judgment may be entered as provided in this section in any civil action or special proceeding. . . .

"(2) The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, as shall, if the motion is by the plaintiff, establish his cause of action sufficiently to entitle him to judgment; and, if on behalf of the defendant, such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, either that he believes that there is no defense to the action or that the action has no merit (as the case may be) unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial.

"(3) Upon motion by a defendant, if it shall appear to the court that the plaintiff is entitled to a summary judgment, it may be awarded to him even though he has not moved therefor. ". . ."

See sec. 802.08, Wis. Rules of Civil Procedure.

[2] See, e.g., Schandelmeier v. Brown, 37 Wis.2d 656, 659, 155 N.W.2d 659 (1968); Schuster v. Germantown Mut. Ins. Co., 40

where there is no conflict of material facts, our court has said that "when it reasonably appears doubtful to the trial court as to what law should apply . . . , an order denying a motion for summary judgment will not be reversed,"[3] and that "A trial court need not decide a question of law on a motion for summary judgment . . . . There is no absolute right to summary judgment."[4]

If the trial court decides the case was not a proper one for summary judgment, this court will not reverse the trial court's order denying summary judgment unless "it appears that the trial court abused its legal discretion or has not exercised it."[5] We have further said a trial court does not abuse its discretion "unless it either incorrectly decides a legal issue or it declines to decide a legal issue which is capable of resolution in a factual vacuum."[6]

We view as almost frivolous the defendants' contention that the trial judge erred in declining to rule on this

---

Wis.2d 447, 452, 162 N.W.2d 129 (1968); *Zimmer v. Daun*, 40 Wis.2d 627, 630, 631, 162 N.W.2d 626 (1968); *Cranston v. Bluhn*, 42 Wis.2d 425, 428, 167 N.W.2d 236 (1969); *Cadden v. Milwaukee*, 44 Wis.2d 341, 346, 171 N.W.2d 360 (1969); *Herbst v. Hansen*, 46 Wis.2d 697, 701, 176 N.W.2d 380 (1970); *Schwartz v. Evangelical Deaconess Socy.*, 46 Wis.2d 432, 442, 175 N.W.2d 225 (1970); *Marshall v. Miles*, 54 Wis.2d 155, 160, 161, 194 N.W.2d 630 (1972); *Ramsden v. Hawkinson Gas Service Co.*, 63 Wis.2d 455, 459–460, 217 N.W.2d 322 (1973); *Lawver v. Boling*, 71 Wis.2d 408, 413–414, 238 N.W.2d 514 (1976).

[3] *Ramsden v. Hawkinson Gas Service Co., supra*, 63 Wis.2d at 459.

[4] *Zimmer v. Daun*, 40 Wis.2d 627, 630, 162 N.W.2d 626 (1968). *See also United Farm Agency, Inc. v. Niemuth*, 47 Wis.2d 1, 6, 7, 176 N.W.2d 328 (1970).

[5] *Hardscrabble Ski Area v. First Nat. Bank*, 42 Wis.2d 334, 338, 339, 166 N.W.2d 191 (1969).

[6] *McConnell v. L.C.L. Transit Co.*, 42 Wis.2d 429, 435, 167 N.W.2d 226 (1969).

motion for summary judgment that the employee was subject to Wisconsin's compensation act when the injury occurred. Where the trial judge says, as he did here, that he thought different inferences could be drawn from the facts, or where the trial judge is of the view that the legal issues in the case would be better determined upon a full development of the facts at trial, such determinations by the trial judge are entitled to great respect in this court. Even if certain legal issues present themselves in the affidavits or if we might disagree with the trial courts' denial of summary judgment—which we do not intimate to be the case here—we have recognized that this court ought not to reverse and that it "ought not to reach the merits when the trial court has not done so except in an unusual case."[7]

If an appeal is taken from an order denying a motion for summary judgment, a respondent should consider the advisability of filing a motion with this court for summary affirmance pursuant to sec. 251.71, Stats.

*By the Court.*—Order affirmed.

[7] *Cranston v. Bluhm,* 42 Wis.2d 425, 429, 167 N.W.2d 236 (1969). *See also United Farm Agency, Inc. v. Niemuth,* 47 Wis.2d 1, 7, 8, 176 N.W.2d 328 (1970).