WINNINGHOFF, Appellant, vs. WITTIG and another, Respondents.

WITTIG and others, Respondents, vs. WINNINGHOFF, Appellant.

*September 23 — October 13, 1885.*

*(1) Agreement for benefit of third person: Parties. (2-4) Consolidation of actions: Appealable order.*

1. Though where one person for a valuable consideration engages with another to do some act for the benefit of a third, such third person may maintain an action for a breach of the agreement, still he is not bound to invoke this rule of law in his favor. Thus, where one person for a valuable consideration agrees to assume a debt jointly with another, the creditor may still maintain an action against the original debtor alone.
2. A consolidation of actions should not be ordered where it would tend to render the trial protracted and embarrassing.
3. Sec. 2792, R. S. does not authorize the consolidation of cross-actions, but only of those which could originally have been joined.
4. An order consolidating two actions is appealable.

APPEAL from the Circuit Court for *Washington* County.

This is an appeal from an order joining *George Kern, Sr.,* and *George Kern, Jr.,* as defendants in an action brought by *Edward Winninghoff* against *Jacob Wittig* and *Louis Kern* to recover a balance of $200 due him on the sale to them of a livery stock and business, and consolidating such action with one brought by the said *Jacob Wittig, Louis Kern, George Kern, Sr.,* and *George Kern, Jr.,* against the said *Winninghoff* on a bond given by him to *Jacob Wittig* and *Louis Kern* at the time of the sale, not to engage in the livery business again at that place for five years. Other facts sufficiently appear from the opinion.

For the appellant there was a brief by *Paul A. Weil,* attorney, and *Frisby & Gilson,* of counsel, and oral argument by *Mr. Gilson.*

For the respondents there was a brief by *Cotzhausen, Sylvester, Scheiber & Sloan*, and oral argument by *Mr. Scheiber*.

COLE, C. J.   We cannot see that the consolidation of these actions will result in any advantage to any one.   It will inevitably delay and embarrass the appellant in the collection of the $200 which is admitted to be due him on the sale of his livery stock and business.   He made that sale to *Wittig* and *Louis Kern*, and at the same time gave them his bond for $1,000, conditioned that he would quit the business of keeping livery at West Bend, and would not for five years engage in the business again, either on his own account or as a partner, nor as a servant for any one who was engaged in the livery business, at that place.   To his action to recover the $200 balance of the purchase money, the vendees set up in their answer as a defense that the appellant had violated the condition of his bond to their damage of $200.   These were the issues in that action.   It appears that soon after the sale by appellant to *Wittig* and *Louis Kern*, *George Kern, Sr.*, and *George Kern, Jr.*, became partners with them in the livery business at West Bend, and jointly interested in the observance of the bond by the appellant.   And these four persons, as plaintiffs, commenced an action against the appellant to recover the $1,000 stipulated to be paid by him in case of a breach of the bond on his part.   The appellant, in his answer to this action, admitted the giving of the bond, and denied the other allegations of the complaint.   These were the issues in that action.   It appears from the petition of the plaintiffs in the last case mentioned, which was the basis of the motion made on their behalf to consolidate the two actions, that *George Kern, Sr.*, and *George Kern, Jr.*, when they entered into the partnership, agreed to be jointly liable with *Wittig* and *Louis Kern* for all debts and liabilities previously contracted by the latter, including the liability to the appellant for the $200

unpaid purchase money. The learned circuit court ordered that they be made parties defendant to appellant's action, and then consolidated the two.

The practice has long prevailed, where two or more suits were pending in the same court by the same plaintiff against the same defendant for causes of action which might be joined, to consolidate them into one action when it appeared it would be expedient to do so. 1 Tidd's Pr. 614; 1 Burrill's Pr. 411. Our statute provides that "when two or more actions are pending in the same court which might have been joined, the court or a judge, on motion, shall, if no sufficient cause be shown to the contrary, consolidate them into one, by order." Sec. 2792, R. S. This statute expressly authorized the practice, which had long existed in the English common-law courts, of directing actions to be consolidated which might originally have been joined, in order to avoid costs and the delay resulting from trying several actions between the same parties involving the same question. See 2 Wait's Pr. 555; 2 Till. & S. Pr. 277. But the language of the books is that consolidation will not be ordered in cases where it would tend to render the trial protracted and embarrassing.

In this case the appellant sold his livery stock and the good-will of the business to *Wittig* and *Louis Kern.* He contracted with them, and had the right to look to them alone for his pay. He was not bound to treat *George Kern, Sr.,* and *George Kern, Jr.,* as his debtors, and make them parties to his suit, even though they had engaged with his vendees to become jointly liable for his debt. It is true, it is well settled in this state that where one person, for a valuable consideration, engages with another, by contract, to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement. *Kimball v. Noyes,* 17 Wis. 695; *McDowell v. Laev,* 35 Wis. 171; *Bassett v. Hughes,*

43 Wis. 319; *Houghton v. Milburn*, 54 Wis. 554. But, of course, it is optional with the party for whose benefit the promise is made to invoke this rule of law or not. He is under no obligation to rely upon it. So it is apparent the appellant was not bound to make *George Kern, Sr.,* and *George Kern, Jr.,* defendants in his action.

But there is a more serious objection to the order of consolidation than the one stated. The cause of action growing out of the alleged breach of the bond was a separate and independent cause of action, not in favor of, but against, the appellant. How was it possible for him to join that cause of action with the one for the purchase money? The statute authorizes the consolidation of actions "*which might have been joined.*" This clearly and necessarily implies actions in favor of the same plaintiff and against the same defendant. See *McCartney v. Hubbell*, 52 Wis. 361. It is said if the appellant had brought his suit against the four partners for the unpaid purchase money, they might have set up, by way of counterclaim, the cause of action arising from the breach of the bond. Suppose that to be so, how does that consideration affect the matter? The appellant surely has a right of action for the money due him on the sale; the partners have a cause of action for the breach of the bond. But these are independent causes of action, one in favor of one party, the other in favor of the opposite party. It seems to us the consolidation has practically the effect of discontinuing the action on the bond, and allowing the obligees to set up that cause of action as a counterclaim to the plaintiff's suit. We do not understand that the practice of consolidation allows this to be done. The statute does not authorize the consolidation of cross-actions. In this case the order of consolidation must necessarily delay and embarrass the appellant, and we think it ought not to have been made.

We are clearly of the opinion that the order is appealable.

There are two causes on the calendar in conformity to the notice of argument, but really there is only one appeal from different parts of the same order. Only one bill of costs will therefore be taxed.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.

See note to this case in 24 N. W. Rep. 914.— REP.