WAGNER, Administratrix, Respondent, vs. RACINE COUNTY, imp., Appellant.

*September 17—October 5, 1915.*

*Appealable orders: Consolidation of actions.*

An order consolidating actions is not appealable. *Winninghoff v. Wittig,* 64 Wis. 180, overruled.

APPEAL from an order of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Dismissed.*

*William W. Storms,* district attorney, for the appellant.

For the respondent there was a brief by *George W. Waller,* attorney, and *Simmons & Walker,* of counsel, and oral argument by *John B. Simmons.*

BARNES, J. Two actions were pending in the circuit court for *Racine County* to recover damages for the death of one Wagner, one against the T. L. Smith Company and the other against *Racine County.* It is the contention of the plaintiff that the defendants in said actions were joint tortfeasors and that Wagner's death was proximately caused by the concurring negligence of both defendants. On plaintiff's motion the two actions were consolidated, and the defendant *Racine County* appeals from the order of consolidation.

If the order is appealable it must be because of the provisions contained in sub. (1) of sec. 3069, Stats. No other part of the section could possibly be applicable. The order is not appealable under sub. (1). It is only an order affecting a substantial right, "when such order in effect determines the action and prevents a judgment from which an appeal might be taken," that is made appealable by said subdivision. If it should be conceded that the order in question affects a substantial right, which is, to say the least, doubtful, we fail to see how it can possibly be said that this order either deter-

mined the action or prevented a judgment from which an
appeal might be taken.   The action against *Racine County*
is still pending; so it is not determined, and after the action
is tried a judgment may be entered from which an appeal
can be taken.   Two essential conditions to the appealability
of an order under sub. (1) are lacking.   It follows that if
the statute means what it says the appeal cannot be enter-
tained.

The appellant does not attempt to argue that the order is
one which falls within the class of orders made appealable by
sec. 3069.   It does that, however, which is ordinarily more
efficacious than mere argument, it points us to one of our
former decisions in which just such an order was held ap-
pealable.   *Winninghoff v. Wittig,* 64 Wis. 180, 24 N. W.
912.   It is also true that the court entertained appeals from
orders of this kind in other cases where the question of ap-
pealability was not raised or considered by the court.

It would be interesting to know by what process of reason-
ing the court reached its conclusion in the *Winninghoff Case.*
It was clearly of the opinion that the order was appealable,
and this is all that is said about it.   The statute has been
changed since this case was decided, by eliminating what was
sub. 4 of sec. 3069, R. S. 1878, but it is difficult to see how
the change accounts for the conclusion reached in the case
under discussion.   The repealed provision made an order
which involved the merits of an action or some part thereof
appealable, but the order could hardly have been held appeal-
able under such a proviso, inasmuch as the merits of the ac-
tion would not appear to have been involved.   The briefs in
the *Winninghoff Case* do not help us very much.   The only
reference to the question is the following: "The order ap-
pealed from is not appealable because it is an intermediate
order which does not affect any substantial right of the ap-
pellant."   Counsel seemed to think that if a final order af-
fected a "substantial right" it was appealable.   Possibly the

court for some reason entertained the same view.  This is only one of several requirements of the statute which must exist to make the order appealable.  We think the case of *Winninghoff v. Wittig* was not correctly decided and that it countenances a rule of practice contrary to our statute law and calculated to promote delays in the trials of lawsuits and to increase the expenses thereof to suitors.  The case is therefore overruled.

*By the Court.*—Appeal dismissed.