WALTER LAEV USED CARS, INC., Appellant, v. OLKOWSKI, Respondent.

*September 30—October 27, 1964.*

For the appellant there was a brief by *Glassner, Clancy &
Glassner* of Milwaukee, and oral argument by *William E.
Glassner, Jr.*

For the respondent there was a brief and oral argument by *George E. Kunde* of Milwaukee.

GORDON, J. When the purchaser of goods becomes dissatisfied with his purchase, there are a number of remedies available to him. The buyer may seek relief either under the contract or by disaffirming it. Among the types of action which may be maintained are those for rescission or fraud. Various remedies available to the purchaser were considered in *Beers v. Atlas Assurance Co.* (1939), 231 Wis. 361, 368, 285 N. W. 794.

In the instant case, upon deciding that the automobile was not as it had been represented, the buyer returned the vehicle to the seller and caused payment on the checks to be stopped. The complaint of the seller sought judgment upon the two checks given by the defendant; her answer denied that there was any consideration for the checks and alleged that payment was stopped "for good and sufficient cause."

Prior to the introduction of any testimony, a stipulation was entered into by the attorneys for the respective parties. The stipulation provided that the *sole issue* was whether there had been a failure of consideration as to the two checks. This stipulation was never repudiated by either side.

We know of no reason why the aforesaid stipulation should not be given full effect. It is apparent from the record that the plaintiff seller fully relied upon it, both in regard to the nature of the presentation of proof and in the objections which were made to the receipt of evidence at the trial.

In view of the stipulation, we are not concerned with the various remedies which might otherwise be available to a dissatisfied purchaser. The sole question, as the parties stipulated, is the failure of consideration for the notes in question. Under sec. 116.29, Stats., the negotiable instruments are presumed to have been issued for a valuable consideration.

There is a difference between a failure of consideration and a partial failure of consideration. In *Herman v. Gray* (1891), 79 Wis. 182, 188, 48 N. W. 113, the court recognized this distinction when it said:

". . . the answer contains but a single defense to the action, to-wit, a total failure of the consideration for the note in suit. If a partial failure of such consideration may be pleaded as a defense. . . , no such defense is sufficiently pleaded in this answer; . . ."

The distinction between the two defenses is suggested by sec. 116.33, Stats., which provides as follows:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

The distinction was squarely ruled upon by the Alabama court in *First Nat. Bank v. Town of Luverne* (1938), 235 Ala. 606, 610, 180 So. 283, where the court said:

"Partial failure of consideration and want of consideration are different defenses, and the one does not include the other. Want of consideration is a bar to the action, while partial failure of consideration only goes in reducing the recovery, and in legal effect, concedes consideration sufficient to sustain the notes."

The evidence in this case will not permit a finding that there was a failure of consideration. It is clear that the automobile which the purchaser received was not worthless. The record demonstrates that the purchaser drove it at least 150 miles. Because the automobile did not operate properly does not mean that it was wholly without value.

The burden of proving that there was a failure of consideration was upon the purchaser. In *Estate of Hatten* (1940), 233 Wis. 199, 215, 288 N. W. 278, this court said:

"The claimant's claim is founded upon a negotiable promissory note. There must, of course, be consideration to support it, otherwise it is subject to the defense of no consideration as between the parties to it and as against one who is not a holder in due course. Sec. 116.33, Stats. Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration. Sec. 116.29, Stats. Want of consideration may, of course, be shown, but the burden upon him who asserts such want of consideration is the same, or at least as great, as that required to establish a mistake. *Estate of Flierl*, 225 Wis. 493, 274 N. W. 422. To reform a written instrument on the ground of mistake the proof must be clear and satisfactory."

The decision of the circuit court stated as follows: "There was a failure of consideration. The vehicle was not as it was represented to be." We believe that such decision is erroneous. The fact that the vehicle was not as it was represented to be does not mean there was a failure of consideration; it may mean that there was a partial failure of consideration or that there were grounds for rescission. However, under the stipulation which was entered into, the only inquiry which the court was free to make was whether there had been a failure of consideration. The record clearly does not support a finding that the defendant met her burden in that regard. The plaintiff was entitled to judgment.

*By the Court.*—Judgment reversed.