SEVENTEEN SEVENTY-SIX PEACHTREE CORPORATION and others, Respondents, v. MILLER, Appellant. [Two appeals.]

*Nos. 98, 99. Argued January 7, 1969.—Decided February 4, 1969.*
(Also reported in 164 N. W. 2d 278.)

For the appellant there were briefs and oral argument by *Morris J. Hack* of Milwaukee.

For the respondents there was a brief by *Foley, Sammond & Lardner,* and oral argument by *Gilbert W. Church,* all of Milwaukee.

HALLOWS, C. J.  A brief summary of the facts underlying this action and the legal procedures used by these

parties is necessary for an understanding of this case. On July 22, 1966, Miller acquired the Greyhound Building in downtown Milwaukee from Peachtree. There were three documents involved in the acquisition: A contract of sale for the building, the promissory note for $50,000, and an assumption and indemnification agreement. The contract of sale between Miller and Peachtree required Miller to give Peachtree the $50,000 note and assume and agree to pay scheduled liabilities for the construction of the building and indemnify not only Peachtree but Southern Builders, Inc. (Southern) and Bloomfield Building Industries, Inc. (Bloomfield). In return, Peachtree agreed to convey the building to Miller by a warranty deed. At the time the contract of sale was executed, the assumption and indemnification agreement, which included Southern and Bloomfield, was executed.

Southern is the construction company which built the Greyhound Building and Bloomfield, a holding company, owns both Southern and Peachtree. The assumption contract provided that Bloomfield, Southern, and Peachtree would forward all notices of claims against the companies based on the liabilities set forth in the schedule to Miller and would give Miller the right to negotiate, settle, and compromise the liabilities with the claimants.

Miller executed and delivered the $50,000 note herein sued on and Peachtree delivered the warranty deed to the Greyhound Building to Miller. On May 31, 1967, Miller sold the Greyhound Building to Emory T. Clark.

Upon Miller's failure to pay the note, Peachtree commenced this action in July, 1967, against him for collection of the $50,000 note. At the same time Peachtree, Southern and Bloomfield commenced an action against Miller and Emory T. Clark, alleging damages as a result of Miller's breach of contract in failing to assume and pay the liabilities. The action as against Emory T. Clark has since been dismissed. In his answer Miller alleged

that Peachtree breached its contracts by interfering with his right to negotiate and settle the liabilities and therefore he was not liable upon his promissory note.

Peachtree then moved for summary judgment in the action on the note. Miller countered by a motion under sec. 269.05, Stats.,[1] to consolidate the action with the breach-of-contract action. When this motion was denied, Miller moved for summary judgment in the note action. On May 13, 1968, the trial court denied both motions for summary judgment but ordered the cases consolidated under sec. 269.59,[2] for purposes of trial only. Miller again moved the court for consolidation of the two actions under sec. 269.05, and again the court denied the motion.

### Miller's Appeal.

Miller has correctly admitted in his brief the order denying his motion for consolidation of actions under sec. 269.05, Stats., is not appealable. In *Wagner v. Racine County* (1915), 161 Wis. 364, 154 N. W. 372, this court held that an order denying consolidation of actions was not appealable because it was not encompassed within the provisions of sec. 274.33, relating to appeals to this court. However, he does contend the trial court

[1] "269.05  **Consolidation of actions.** When two or more actions are pending in the same court, which might have been joined, the court or a judge, on motion, shall, if no sufficient cause be shown to the contrary, consolidate them into one by order."

[2] "269.59  **Consolidation of actions.** The circuit court may, upon notice, order certified to said court any civil action pending in any other court in the same county for the purpose of consolidation or consolidation for trial with any action pending in said circuit court, in any case where such consolidation or consolidation for trial would be proper if the actions were originally brought in said court. Sections 261.10 and 261.11 so far as applicable shall govern such change in the place of trial. The change shall be deemed complete and the action transmitted shall proceed as other actions in the circuit court, upon the filing of the papers in said court."

should have granted him summary judgment in the note action because the pleadings and documents in support of the motion demonstrate Peachtree commenced two lawsuits on one cause of action.

Miller does not ask for judgment on the merits but for an order dismissing the action on the promissory note with leave to Peachtree to plead the note in the breach-of-contract action. This is the identical relief he sought by the motion to consolidate the actions under sec. 269.05, Stats., which contemplates only one action and one set of pleadings after consolidation. *Eastern Wisconsin Railway & Light Co. v. Hackett* (1908), 135 Wis. 464, 115 N. W. 376, 115 N. W. 1136, 115 N. W. 1139.

Miller is attempting to do indirectly what he cannot do directly, *i.e.*, get an appellate review of the question of consolidation. But, summary judgment is a drastic remedy designed to prevent sham pleadings and delay and to terminate the case on its merits and is not to take the place of a demurrer, judgment on the pleadings, trial, motion to make a pleading more definite, or other temporary relief. *Schandelmeier v. Brown* (1968), 37 Wis. 2d 656, 155 N. W. 2d 659; *Hale v. Lee's Clothiers & Jewelers, Inc.* (1967), 37 Wis. 2d 269, 155 N. W. 2d 51; *Hyland Hall & Co. v. Madison Gas & Electric Co.* (1960), 11 Wis. 2d 238, 105 N. W. 2d 305; *Stafford v. General Supply Co.* (1958), 5 Wis. 2d 137, 92 N. W. 2d 267. Summary judgment must seek a final determination on the merits and avoid a trial and cannot be used for the purpose sought by Miller.

## Peachtree's Appeal.

Peachtree argues the pleadings and documents filed in support of its motion for summary judgment demonstrate that Miller has suffered no damages and therefore it was entitled to summary judgment on the note action.

In *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 630, 631, 162 N. W. 2d 626, we pointed out the summary judgment statute (sec. 270.635) does not confer a right on a party but vests a discretionary power in the trial court to grant summary judgment when it believes a summary disposition of the case is warranted. *See also Schuster v. Germantown Mut. Ins. Co.* (1968), 40 Wis. 2d 447, 162 N. W. 2d 129.

In this case Miller has stated he has a defense of breach of contract because the note must be read in conjunction with other contracts entered into contemporaneously as a single indivisible contract. *See O'Connor Oil Corp. v. Warber* (1966), 30 Wis. 2d 638, 141 N. W. 2d 881. The sufficiency of this answer is objected to since it contains no allegation of damages. *See Walter Laev Used Cars, Inc. v. Olkowski* (1964), 25 Wis. 2d 306, 130 N. W. 2d 780, and sec. 403.408, Stats. Whether the defense is a *pro tanto* failure of consideration or an offset for damages are questions not now decided but should be determined. In view of the complicated nature of facts and of any defense, we think the trial court was correct in denying summary judgment. The case is not one to be summarily disposed of without trial.

*By the Court.*—Order affirmed; costs denied to both parties.