IN RE INCORPORATION OF LANDS COMPRIS-
ING the DELAVAN LAKE SANITARY DISTRICT:
TOWN OF DELAVAN and Delavan Lake Sanitary
District, Appellants,

v.

CITY OF DELAVAN, LLL Partners and LLF
Partners, Respondents.

TOWN OF DELAVAN, a Wisconsin town, Petitioner-
Appellant,

v.

Wisconsin DEPARTMENT OF DEVELOPMENT, a
state agency, Respondent.

TOWN OF DELAVAN, a Wisconsin town, and
Delavan Lake Sanitary District, a town sanitary dis-
trict, Petitioners-Appellants,

Daniel KILKENNY, an individual, Petitioner,

v.

Wisconsin DEPARTMENT OF DEVELOPMENT, a
state agency, Respondent,

CITY OF DELAVAN, LLL Partners and LLF
Partners, Intervenors-Respondents.

Court of Appeals

*No. 90-0900. Oral argument November 28, 1990.—Decided January 23, 1991.*

(Also reported in 466 N.W.2d 227.)

On behalf of the petitioner-appellant Town of Delavan, there were briefs by *Michael P. May* and *James E. Bartzen* of *Boardman, Suhr, Curry & Field* of Madison. There was oral argument by *Michael P. May.*

On behalf of the petitioner-appellant Delavan Lake Sanitary District, there were briefs by *Timothy D. Fenner* and *Catherine J. Furay* of *Axley & Brynelson* of Madison. There was oral argument by *Catherine J. Furay.*

On behalf of the respondent City of Delavan, there was a brief by *William F. White* and *John D. Wilson* of *Michael, Best & Friedrich* of Madison. There was oral argument by *William F. White.*

Before Brown, Scott and Anderson, JJ.

SCOTT, J.   This is another municipal incorporation/annexation quarrel. The circuit court ruled that the Town of Delavan and the Delavan Lake Sanitary District lacked standing to participate in judicial review of an adverse determination of the Department of Development involving incorporation of part of the town. The circuit court also denied the town's and the district's motions to participate as intervenors, reasoning that they lacked the requisite interests to intervene. Both entities were dismissed from the case, and they appeal.

We conclude that neither the town nor the district has standing under sec. 227.53(1), Stats., to petition for review of the incorporation determination. However, we conclude that the town—but not the district—has standing under sec. 227.53(1)(d) to participate in the review proceedings brought by Daniel Kilkenny, a town resident. We therefore affirm in part and reverse in part. We will address other issues in the body of the opinion.

The facts, though procedurally somewhat knotty, are undisputed. Kilkenny and other town residents (all of whom were also district residents) circulated a petition proposing incorporation of an area within the district to be known as the "Village of Delavan Lake." Both the district and the town supported the petition, and it was filed with the circuit court. Finding that the sec. 66.015, Stats., standards for incorporation were satisfied, the court referred the petition to the department pursuant to sec. 66.014(8), Stats.

The department held informational hearings on the petition. The town and the district appeared in support of the proposed incorporation; the City of Delavan and LLL Partners (a partnership which owns and operates Lake Lawn Lodge in the Town of Delavan) appeared in opposition.

The department concluded that the proposed incorporation did not meet all of the standards set out in sec. 66.016, Stats., specifically subsec. (1)(a), which requires a finding that "[t]he entire territory of the proposed village . . . shall be reasonably homogeneous and compact . . .." The department thus denied the petition and, pursuant to sec. 66.014(9)(f), Stats., the circuit court dismissed it.

Meanwhile, the town had requested that the incorporation hearings be treated as a "contested case" proceeding. *See* sec. 227.01(3), Stats. The department

denied the request on the grounds that the town failed to satisfy the statutory prerequisites. Section 227.42, Stats. The town sought judicial review of this denial. Pursuant to a motion by the town and the district to consolidate the two actions, the circuit court stayed its review of the department's denial of a contested case hearing until the department issued its final determination on the incorporation petition.

Kilkenny, the town and the district petitioned for judicial review of the department's determination on incorporation. That petition was consolidated with the earlier petition for judicial review of the contested case ruling. On the city's motion, the circuit court dismissed the town and the district, concluding that neither one was "aggrieved," *see* sec. 227.53(1), Stats., and therefore neither had standing to proceed. The court also denied the town's and the district's motions to intervene under sec. 227.53(1)(d). The town and the district appeal.[1]

Sections 227.52 and 227.53(1), Stats., govern judicial review of agency determinations. The relevant portions of those statutes provide:

**227.52 Judicial review; decisions reviewable.** Administrative decisions which adversely affect the substantial interests of any person, whether by action or inaction, whether affirmative or negative in form, are subject to review as provided in this chapter . . ..

**227.53 Parties and proceedings for review. (1)** Except as otherwise specifically provided by law, any person *aggrieved* by a decision specified in s. 227.52 shall be entitled to judicial review thereof as provided in this chapter.

   . . ..

---

[1]This appeal in no way affects the status of Daniel Kilkenny, the individual petitioner. His appeal of the incorporation matter is still pending in the circuit court.

> (d)   The agency . . . and *all parties to the pro-*
> *ceeding* before it, *shall have the right to participate*
> *in the proceedings for review.* The court may permit
> other interested persons to intervene . . .. [Emphasis
> added.]

Our review of a motion to dismiss for lack of stand-
ing is *de novo. See Wisconsin's Envtl. Decade, Inc. v.
Public Serv. Comm'n,* 69 Wis. 2d 1, 8, 230 N.W.2d 243,
247 (1975). The main issue on appeal is whether the
town and the district have standing to *petition* for
review of the department's determination. This is not
the same as whether they have standing to *participate* in
the proceedings for review. The distinction is important
because an entity may have standing to participate yet,
because not "aggrieved," lack standing to take an appeal.
Here, the town and the district were dismissed from
further participation in the proceedings because they
were not aggrieved. This result represents an improper
blending of the two standards.

## STANDING TO PETITION FOR REVIEW

A petitioner does not have standing to petition for
review of an administrative decision merely because that
person requested and was granted an administrative
hearing. *Fox v. DHSS,* 112 Wis. 2d 514, 526, 334 N.W.2d
532, 538 (1983). Rather, the petitioner must be
"aggrieved" by the agency decision. Section 227.53(1),
Stats.

We apply a two-part test for determining whether a
party is aggrieved and thus has standing under secs.
227.52 and 227.53(1), Stats. *Waste Management of Wis.,
Inc. v. DNR,* 144 Wis. 2d 499, 504, 424 N.W.2d 685, 687

410

(1988) (citing *Wisconsin's Envtl. Decade,* 69 Wis. 2d at 10, 230 N.W.2d at 248). First, the petitioner must demonstrate that it sustained an injury due to an agency decision. *Waste Management,* 144 Wis. 2d at 505, 424 N.W.2d at 687. That injury must not be hypothetical or conjectural, but must be "injury in fact." *See Fox,* 112 Wis. 2d at 524-25, 334 N.W.2d at 537. Second, the petitioner must show that the injury is to an interest which the law recognizes or seeks to regulate or protect. *Waste Management,* 144 Wis. 2d at 505, 424 N.W.2d at 687.

The town and the district allege that the department's determination will cause substantial injuries,[2] among them that:

> (1)   the determination will perpetuate and exacerbate the town's difficulty in providing services to an area that is partly rural and partly urban;

> (2)   upon annexation of LLL Partners' property to the city, jurisdiction over Delavan Lake will be fragmented and will no longer remain in one governmental body;

> (3)   with a split of jurisdictional authority over Delavan Lake, the Delavan Lake Rehabilitation Project will be more complicated to administer;

> (4)   the department's decision has denied the residents of the proposed village the right to conduct their governmental affairs as a village rather than as a town and to consolidate the operations of the district into a single governmental entity—the village; and

---

[2]Both the town and the district contend that the second, third and fourth injuries would occur as a result of the department's denial of incorporation. The first alleged injury was cited by the town alone, while the fifth was cited by the district alone.

(5) property owned by LLL Partners will be annexed to the city with a resulting loss of property tax base resulting in higher costs to the sanitary district residents for sanitary service.

The circuit court determined that the town and the district, as the town's agent, were not aggrieved because their injuries were "at best 'pretended.' " In its written decision dismissing the town and the district for lack of standing, the court explained:

> The Town's petition lists as injury the fact it is urban around the lake and agrarian elsewhere and that denial of incorporation will require it to continue to govern, and serve both areas; to share zoning around the lake; to manage and control property, finances and regulations of navigable waters; that this will be more difficult and expensive. This injury is at best "pretended." The denial of the incorporation petition places the Town precisely where it was before the petition was filed. The Statutes require the Town to do all of the above, regardless of how difficult it may be—this can hardly be said to be "injury."

The court went on to note that the town had an adequate forum for protesting the potential annexation in the annexation proceedings.

We conclude that the town's alleged injuries are insufficient to sustain its claim. The first—difficult provision of services—does not flow from the department's determination, but is the result of the town's statutory duties.

The second and third injuries recited are hypothetical and conjectural because they assume successful annexation. Although the city has adopted an annexation ordinance, the annexation proceedings are stayed

pending resolution of this action. Furthermore, the validity of the ordinance has never been determined. Thus, annexation may never happen. While injury can be remote in time or occur as the end result of a sequence of events set in motion by agency action, *Wisconsin's Envtl. Decade,* 69 Wis. 2d at 14, 230 N.W.2d at 250, the events themselves cannot be conjectural or hypothetical.

Even if annexation is accomplished, however, the assertion that administration of the Delavan Lake Rehabilitation Project will be complicated by fragmented jurisdiction is not substantiated. The town and the city entered into an agreement which contemplated annexation and which vested total project control in the town should annexation be realized. Finally, even if annexation results in injury sufficient to confer standing, the proper procedure to challenge the annexation is under sec. 66.021, Stats.

The fourth alleged injury—prevention of self-determination—is merely raised. Neither the town nor the district develops the argument nor offers authority for it. We therefore decline to address it. *In re Estate of Balkus,* 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 (Ct. App. 1985).

The department's determination leaves the town in its present unincorporated state. The town thus retains its present character and obligations, with no erosion of its tax base. The "injury" of that position is not clear to us.

The circuit court likewise determined, and we agree, that the arguments and reasoning undermining the town's claim also defeat the district's claim. The district also alleges one injury not claimed by the town. The district asserts that loss to the city, through annexation,

of property owned by LLL Partners will result in a reduced tax base. This argument, too, presumes successful annexation. We reject it for the same reasons we rejected similar arguments advanced by the town.

Both the town and the district thus have failed to show injury in fact. To have standing, a petitioner must establish both prongs of the injury test. *See Waste Management,* 144 Wis. 2d at 505, 424 N.W.2d at 687. Therefore, we do not address the second prong of the standing test.

## STANDING TO PARTICIPATE IN THE REVIEW PROCEEDING

To have standing simply to participate in the review, on the other hand, one only must be a "part[y] to the proceeding before [the agency]." Section 227.53(1)(d), Stats. As is relevant here, a party is "[a]ny governmental unit entitled to notice pursuant to [sec. 66.014(4), Stats.], any school district . . . or any other person found by the court to be a party in interest . . .." Section 66.014(5).[3]

The town—clearly a party under sec. 66.014(5), Stats.—is thus entitled under sec. 227.53(1)(d), Stats., to participate in the review proceedings. Consequently, the circuit court erred in dismissing the town from further participation. We therefore direct that on remand the circuit court evaluate the town's petition for review to

---

[3]The city asserts that party status under ch. 66, Stats., begs the question of standing under ch. 227, Stats., because standing under ch. 227, not ch. 66, is the issue before this court. We disagree. Who is a party under ch. 227, at least as is material to this appeal, can be determined only by reference to ch. 66.

consider whether it suffices as the notice of appearance required by sec. 227.53(2). Even if deemed insufficient, we direct the court to reconsider its denial of intervenor status to the town, taking into consideration that the town is a proper party under sec. 227.53(1)(d).

The district, however, is not a party. *See* sec. 66.014(5), Stats. Its participation in proceedings for review, therefore, is dependent upon being granted intervenor status. Whether to allow interested persons to intervene is discretionary with the circuit court. Section 227.53(1)(d), Stats. The circuit court denied the district intervenor status because it failed to meet the standing test and because, as an agent of the town, the district's interests were adequately represented by the town. These are proper considerations, adequate to sustain a discretionary determination. Accordingly, we affirm the denial of intervenor status to the district.

Next, the town and the district argue that the circuit court erred in holding that the city's motion to dismiss was timely. This argument, too, is unpersuasive.

The town and the district petitioned for judicial review of the department's June 9, 1989 denial of the request for a contested case hearing. On August 14, the town successfully moved to consolidate the appeal of the denial of contested case status with any subsequent review of the department's pending decision on incorporation. No party objected to the motion to consolidate. The incorporation decision was rendered on November 30, 1989. On December 18, upon motion of the town and Kilkenny, the circuit court consolidated both actions. The next day, the city moved to dismiss the town and the district, based on lack of standing, from all consolidated ch. 227, Stats., reviews. The town and the district opposed the motion, asserting that as to the contested

case ruling, the motion was untimely under sec. 227.56(3), Stats.

There is no question that the motion to dismiss was timely made as to the November 30, 1989 ruling on the incorporation proceeding. The circuit court ruled that, having themselves moved to consolidate and stay briefing of the contested case issue, the town and the district were estopped from attacking the timeliness of the city's motion when that motion was granted. We agree.

The consolidation of actions contemplates only one action and one set of pleadings after consolidation. *Seventeen Seventy-Six Peachtree Corp. v. Miller,* 41 Wis. 2d 410, 414, 164 N.W.2d 278, 280 (1969). To apply to the contested case portion of the consolidated action different time limits than were applied to the incorporation portion would have resulted in recognizing two sets of pleadings. That result defeats the object of consolidation—which consolidation the town sought and to which the district did not object. The motion seeking dismissal was timely.

Finally, we note that the circuit court did not address the matter of the department's denial of the contested case hearing. We direct, therefore, that upon remand the court consider whether that denial was proper.[4]

No costs to either party.

[4]Since the town was a party to the proceedings before the department, it was "aggrieved" by the denial of its request and therefore has standing to raise this procedural issue.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.