ELLER MEDIA, INC., Plaintiff-Appellant,

v.

STATE OF WISCONSIN DIVISION OF HEARINGS AND AP-
PEALS, Defendant-Respondent.

Court of Appeals

*No. 00–3497. Submitted on briefs September 25, 2001.—Decided
October 31, 2001.*

2001 WI App 269

(Also reported in 637 N.W.2d 96.)

198

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael A.I. Whitcomb* of *Michael A.I. Whitcomb, S.C.*, of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Stephen J. Nicks*, assistant attorney general.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. NETTESHEIM, P.J. Eller Media, Inc., appeals from an order dismissing its petition for judicial review of a decision of the State of Wisconsin Division of

Hearings and Appeals (DHA). The DHA affirmed a decision of the Wisconsin Department of Transportation (DOT) ordering the removal of an outdoor advertising sign leased to Eller. The circuit court concluded that Eller, a nonparty to the administrative hearings, did not have standing under WIS. STAT. § 227.53 (1999–2000)[1] to initiate a petition for review. Because we conclude that Eller was injured by the DOT's decision and that Eller's injury is to an interest that the law seeks to protect, we conclude that Eller has standing to petition for judicial review of the DHA's decision. We reverse the circuit court's order and remand for the reinstatement of Eller's petition for judicial review.

## *FACTS AND PROCEDURAL HISTORY*

¶ 2. Darby Lane Farms owns a sign on a farm located along Interstate 94 in the Town of Sommer, Kenosha County. Effective November 1, 1998, Eller entered into a ten-year written lease with Darby Lane Farms to operate and maintain the sign. The sign has been on the property continuously since 1966 and is a legal nonconforming use.

¶ 3. On October 8, 1999, the DOT issued an order directing Darby Lane Farms to remove the sign on the grounds that it had been abandoned and could no longer continue as a legal nonconforming use pursuant to WIS. ADMIN. CODE § TRANS. 201.10(2)(f). Darby Lane Farms requested a hearing before the DHA to review the removal order. On June 23, 2000, the DHA granted the DOT's motion for summary judgment and affirmed the removal order of the DOT. On July 5, 2000, Darby Lane Farms filed a petition for rehearing, which was denied.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version.

¶ 4. Subsequently, on August 17, 2000, Eller filed a petition for judicial review of the DHA decision pursuant to WIS. STAT. §§ 227.52 and 227.53. The DHA responded with a motion to dismiss contending that Eller did not have standing to seek judicial review because it was not a "person aggrieved" pursuant to § 227.53(1). In support, the DHA argued that only an owner may recover "just compensation" for the loss of interest in a sign pursuant to WIS. STAT. § 84.30(6). The circuit court granted the DHA's motion on November 21, 2000. Eller appeals.

## DISCUSSION

¶ 5. Pursuant to WIS. STAT. § 227.52, "[a]dministrative decisions which adversely affect the substantial interests of any person . . . are subject to review as provided in [WIS. STAT. ch. 227]." WISCONSIN STAT. § 227.53(1) provides that "[e]xcept as otherwise specifically provided by law, any person aggrieved by a decision specified in s. 227.52 shall be entitled to judicial review of the decision" subject to certain procedural requirements. A "person aggrieved" is defined as a person or agency whose substantial interests are adversely affected by a determination of an agency. WIS. STAT. § 227.01(9).

■

¶ 6. Here, the circuit court dismissed Eller's petition for review based on its finding that Eller had not been aggrieved by the DHA's decision. Our review of a motion to dismiss for lack of standing is de novo. *Town of Delavan v. City of Delavan*, 160 Wis. 2d 403, 410, 466 N.W.2d 227 (Ct. App. 1991).

■

¶ 7. In determining whether a party is aggrieved by an administrative decision and thus has standing

201

pursuant to Wis. Stat. §§ 227.52 and 227.53(1), we apply a two-part test. *Town of Delavan*, 160 Wis. 2d at 410 (citing *Waste Mgmt. of Wis., Inc. v. DNR*, 144 Wis. 2d 499, 504, 424 N.W.2d 685 (1988)). "First, the petitioner must demonstrate that it sustained an injury due to an agency decision. That injury must not be hypothetical or conjectural, but must be 'injury in fact.' Second, the petitioner must show that the injury is to an interest which the law recognizes or seeks to regulate or protect." *Town of Delavan*, 160 Wis. 2d at 411 (citations omitted).

¶ 8. The parties agree, and the circuit court found, that Eller sustained an injury due to the DHA's decision—it lost its leasehold interest in the sign. However, the parties disagree as to whether Eller's injury is to an interest that the law recognizes or seeks to regulate or protect. The circuit court found that it was not.

¶ 9. Eller contends that it is aggrieved by the DHA's decision and has standing to request judicial review. In its petition, Eller alleged, "The removal of the Sign will destroy petitioner's leasehold rights to the Sign causing petitioner pecuniary damage, and causing damages to its business and property rights for which there is no adequate remedy at law." Eller additionally alleged that it is aggrieved by the DHA's decision due to its loss of leasehold rights to the sign and that it sustained an injury in fact to an interest that the law recognizes and seeks to regulate or protect.

¶ 10. While the State acknowledges that Eller has sustained an injury, it contends that Eller's injury is not recognized or protected by the law because the remedy for the injury as provided in Wis. Stat. § 84.30(6), (7) and (8) runs only to the "owner" of the sign. From this,

the State concludes that Eller, as a leaseholder, is not a "person aggrieved" for purposes of standing to obtain judicial review.

¶ 11. The State's argument is premised on its underlying assertion that Eller's leasehold interest is limited to a continued economic revenue stream. We disagree with the State's assertion. Although Eller is willing to assume arguendo that it is not entitled to compensation as a leaseholder under WIS. STAT. § 84.30, it asserts that its injury "is to its leasehold interest in the continued use of the legal nonconforming sign" and that the law recognizes this leasehold interest. We agree.

¶ 12. The State's attempt to limit the inquiry of Eller's legally protected or recognized interest to the compensation provisions of WIS. STAT. § 84.30 misses the thrust of Eller's argument. In these proceedings, Eller is not seeking compensation for the removal of the sign.[2] Rather, Eller seeks judicial review of the agency determination that the sign has lost its nonconforming use status. Therefore, our inquiry is whether Eller's leasehold interest under a nonconforming use is an interest that the law seeks to regulate or protect.

¶ 13. We think the answer is self-evident. Darby Lane Farms leased the sign and the real property upon which the sign is situated to Eller "for the purpose of erecting and maintaining outdoor advertising structures . . . together with free access to the Property and use of the Property to construct, improve, supplement, . . . maintain, repair or remove the Structures." Certainly a leasehold interest, even one subject to a

---

[2] We therefore do not address the State's discussion of *Vivid, Inc. v. Fiedler*, 219 Wis. 2d 764, 580 N.W.2d 644 (1998), which addressed the proper methodology of determining a just compensation award under WIS. STAT. § 84.30.

nonconforming use, is recognized and protected by the law. *See, e.g.,* WIS. STAT. ch. 704.[3]

¶ 14. The State also argues that both *MCI Telecommunications Corp. v. PSC*, 164 Wis. 2d 489, 476 N.W.2d 575 (Ct. App. 1991), and *Waste Management* support its position that the underlying statute in this case, WIS. STAT. § 84.30, does not seek to regulate or protect Eller's leasehold interest. In both *MCI* and *Waste Management*, the court determined that neither MCI nor Waste Management had standing to contest an agency decision because their interests as nonparty competitors were economic and not regulated or protected by the underlying statute.[4]

---

[3] Pursuant to WIS. STAT. § 704.01, a lease is "an agreement, whether oral or written, for transfer of possession of real property, or both real and personal property for a definite period of time."

[4] In *Waste Management of Wis., Inc. v. DNR*, 144 Wis. 2d 499, 502–03, 424 N.W.2d 685 (1988), the circuit court dismissed Waste Management from an action for judicial review of an administrative decision based on its determination that Waste Management did not have standing to contest a DNR determination of need which authorized an economic competitor to open a landfill facility. Waste Management argued that it had standing because the DNR's decision would cause it economic harm. The DNR's decision was based on a determination of need pursuant to WIS. STAT. § 144.44(2)(nm). *Waste Management,* 144 Wis. 2d at 507. The supreme court concluded that the statute did not recognize nor attempt to regulate or protect an economic interest. *See id.* at 508–09.

Similarly, in *MCI Telecommunications v. PSC*, 164 Wis. 2d 489, 493, 476 N.W.2d 575 (Ct. App. 1991), the circuit court determined that MCI did not have standing to challenge the PSC decision to approve proposed tariffs submitted by Wisconsin Bell and GTE North. We affirmed the circuit court's decision, concluding that MCI had not shown actual injury, *id.* at

¶ 15. Neither of the parties claiming to be aggrieved in those cases had any actual property interest in the subject of the administrative decision. Rather, the interest they asserted was collateral economic loss, an injury not recognized or regulated by law. Here, Eller has an actual property interest in the sign that is adversely affected by the DOT's decision and the DHA's subsequent affirmance of that decision. That leasehold interest, if not the economic benefit produced thereby, is recognized by the law governing leaseholds. We reject the State's reliance on *MCI* and *Waste Management*.

█

¶ 16. Given Eller's recognized leasehold interest, we conclude that Eller's injury is to an interest that the law recognizes and seeks to protect. Having lost that interest by virtue of the administrative decision, Eller has suffered an actual injury to a protected interest. As such, Eller is an aggrieved party and has standing to petition for judicial review pursuant to WIS. STAT. § 227.53(1).

### CONCLUSION

¶ 17. We conclude that the circuit court erroneously exercised its discretion in dismissing Eller's petition for judicial review for lack of standing. We reverse the circuit court's order and remand for further proceedings upon the reinstatement of Eller's petition.

*By the Court.*—Order reversed and cause remanded.

494, and that the governing statute, WIS. STAT. § 196.194, does not protect or regulate MCI's economic interest as a customer of GTE North and Wisconsin Bell. *MCI*, 164 Wis. 2d at 494, 497.